In RE ROBERT BRATTON.

(Filed 25 November, 1964.)

**Automobiles § 2—**

    The fact of conviction of reckless driving during the period of revocation of license for drunken driving, G.S. 20-17(2), without conviction of driving while his license was revoked, G.S. 20-28(a), does not warrant the Commissioner of Motor Vehicles under G.S. 20-16(a)(1) to suspend the driver's license for an additional period of a year. G.S. 20-16(a)(1).

APPEAL by respondent from *Clarkson, J.*, April 13, 1964, Civil Session of GASTON.

While the documents comprising the record, including the pleadings and judgment, bear the caption, *"In re Robert Bratton,"* the caption *"Robert Bratton, Petitioner, v. Edward Scheidt, Commissioner of Motor Vehicles of North Carolina, Respondent,"* would seem more appropriate. Herein Bratton is referred to as petitioner and Scheidt, Commissioner, is referred to as respondent.

Proceeding for review of an order issued by respondent under date of January 7, 1964, suspending petitioner's operating privilege, heard below on the facts set forth in a stipulation dated April 20, 1964, to wit:

"1.   That the petitioner is a citizen and resident of Gaston County, North Carolina;

"2.   That the Petition was filed on February 20, 1964, in the Superior Court of Gaston County; and that the respondent, to wit, Edward Scheidt, Commissioner of Motor Vehicles of the State of North Carolina, filed an Answer on March 21, 1964, and the case is now at issue;

"3.   That the petitioner was issued a valid North Carolina motor vehicle driver's license, being number OP 1247786, and was duly authorized to operate a motor vehicle on the highways of the State of North Carolina;

"4.   That on March 27, 1963, the petitioner was tried and convicted in the Municipal Court of Winston-Salem, North Carolina, of the offense of operating an automobile while under the influence of intoxicating beverages; that the petitioner did not surrender his driver's license for revocation at that time;

"5.   That pursuant to General Statutes 20-17, subsection 2, the Department of Motor Vehicles of the State of North Carolina, through its Commissioner, notified the petitioner on April 11, 1963, that his operator's license was revoked for a period of one year, beginning April 16, 1963, and ending April 16, 1964; that the petitioner did not forward his driver's license to the Department;

"6.   That on December 12, 1963, the petitioner was tried and convicted in the Belmont Recorder's Court in Gaston County, North Carolina, of the offense of careless and reckless driving, the date of the offense being October 5, 1963. That by official notice and record of the suspension of license, dated January 7, 1964, the petitioner's operator's license was suspended for an additional period of one year, beginning April 16, 1964, and ending April 16, 1965, under the authority of General Statutes 20-16 (a) (1). That the basis for the additional

suspension dated January 7, 1964, was the conviction in the Belmont Recorder's Court on December 12, 1963;

"7. That the petitioner has not been tried and convicted of the offense of driving while his license has been suspended or revoked;

"8. That this proceeding is brought pursuant to General Statutes 20-25."

The judgment entered by Judge Clarkson, after recitals, provides:

"NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED, after hearing oral argument and reviewing the stipulations of fact, that the Order of the respondent dated January 7, 1964, suspending the North Carolina operator's license number OP1247786 of the petitioner effective April 16, 1964, to April 16, 1965, be, and the same is hereby voided and rescinded.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the respondent issue a valid North Carolina Operator's License to the petitioner if the petitioner has complied with the other relevant laws of the State of North Carolina and is otherwise qualified."

Respondent excepted and appealed.

*Frank P. Cooke and Joseph B. Roberts, III, for petitioner appellee.*
*Attorney General Bruton and Assistant Attorney General Brady for respondent appellant.*

BOBBITT, J. Petitioner does not challenge respondent's authority under G.S. 20-17(2) to revoke his operator's license for the year beginning April 16, 1963, and ending April 16, 1964, on account of his conviction on March 27, 1963, in the Municipal Court of Winston-Salem, North Carolina, of operating a motor vehicle while under the influence of intoxicating liquor in violation of G.S. 20-138. The sole question for decision is whether respondent had authority under G.S. 20-16(a)(1) to suspend his operator's license for an additional period of one year, beginning April 16, 1964, and ending April 16, 1965, on account of his conviction on December 12, 1963, in the Recorder's Court of Belmont, of reckless driving in violation of G.S. 20-140.

The offense for which petitioner was convicted in the Recorder's Court of Belmont is not an offense for which, upon conviction, the revocation or suspension of an operator's license is mandatory. G.S. 20-17; G.S. 20-16.1; G.S. 20-16(a)(1). Moreover, it is not an offense for which the Department of Motor Vehicles is authorized by G.S. 20-16 to suspend an operator's license.

Respondent contends G.S. 20-16(a)(1) and petitioner's said conviction of reckless driving authorized respondent to issue his order of January 7, 1964. The identical question was decided adversely to respondent at Spring Term 1963 in *Gibson v. Scheidt, Comr. of Motor Vehicles,* 259 N.C. 339, 130 S.E. 2d 679, to which reference is made for a full discussion.

Respondent contends *Gibson* is distinguishable in that there the Department was proceeding and our decision was based on G.S. 20-28(a). True, the provisions of G.S. 20-28(a) were stressed and constituted a basis of decision. G.S. 20-28(a) deals solely and directly with the offense of driving while one's operator's license is suspended or revoked and contains provisions (see *Gibson*) bearing directly upon periods of suspension and revocation *upon conviction.* Even so, the opinion in *Gibson* discloses that G.S. 20-16(a)(1) as well as G.S. 20-28(a) was considered in reaching decision. Thus, in *Gibson* the judgment of the court below was reversed "on the ground that, absent *a conviction* of plaintiff for the criminal offense defined in G.S. 20-28(a), the Department's order of February 23, 1962, was not authorized by G.S. 20-28(a) *or otherwise.*" (Our italics). The Department is authorized by G.S. 20-16(a)(1) to suspend an operator's license only *upon conviction* of an offense for which "mandatory revocation of license" is required. According to the stipulated facts, petitioner has not been *convicted* of *such offense.* It is noted that the stipulated facts disclose no reason why petitioner may not now be prosecuted and convicted for driving in Gaston County on October 5, 1963, while his operator's license was revoked, in violation of G.S. 20-28(a).

On authority of *Gibson,* on which Judge Clarkson presumably based decision, the judgment of the court below is affirmed.

Affirmed.